# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JAMES ELLIS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:17-CV-3199-D-BH |
| | ) |
| CITY OF DALLAS, | ) |
| | ) |
| Defendants. | ) Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Special Order 3-251*, this *pro se* case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed.

## I. BACKGROUND

On November 22, 2017, James Ellis (Plaintiff) filed this unspecified action against the City of Dallas (Defendant) and moved for leave to proceed *in forma pauperis* (IFP). (*See* docs. 3, 5.) He claims that he was released from jail with a jail release form on June 29, 2016, but ticket # C1803326301 was not dismissed, and the failure to dismiss it has resulted in "a lot of negative things in [his] life." (doc. 3 at 1, 3.)[1] He blames a bad credit rating, losing belongings, and the theft of a money order on the failure to dismiss the ticket. (*Id.* at 1-2.) Although Plaintiff did not identify any specific causes of action against Defendant, he does specifically challenge the validity of the ticket as well as a 1993 conviction for unauthorized use of a motor vehicle. (*See* doc. 19 at 1-3.)[2] He also contends that he was injured on a local DART bus. (*Id.* at 4.) He seeks expungement of his record. (*Id.* at 6.)

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2] Plaintiff's answers to the a magistrate judge's questionnaire constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

After filing an amended motion, Plaintiff was granted IFP status on January 30, 2018. (*See* doc. 16.)  Since filing his answers to a magistrate judge's questionnaire, he has filed numerous complaints or notices concerning his social security benefits, his apartment, his case manager, his AT&T account, his birth certificate, identity theft, comments by a DART officer, a DART pass, his attempts to enroll in a local community college, his mother's inheritance, bed bugs in his apartment, medical treatment, and denial of services at Parkland Hospital.  (*See* docs. 20, 22-26, 28-40.)  No process has been issued.

## II. PRELIMINARY SCREENING

Because Plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2).  It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id*.

### III.  ANALYSIS

Although Plaintiff does not identify a specific basis for his claims, his complaint may be liberally construed as arising under 42 U.S.C. § 1983.  Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  It "afford[s] redress for violations of federal statutes, as well as of constitutional norms."  *Id*.  To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.      *Heck* Bar**

Plaintiff specifically challenges the validity of ticket # C1803326301 as well as his 1993 conviction for unauthorized use of a motor vehicle, and seeks to have his record expunged.  (doc. 19 at 2-3, 6.)

Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, a complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck* applies to claims seeking declaratory and injunctive relief, as well as claims for damages.  *Shabazz v. Franklin*, 380 F. Supp. 2d 793, 805 (N.D. Tex. 2005) (accepting recommendation of Mag. J.) (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*,

154 F.3d 186, 190–91 (5th Cir. 1998)).  A claim that falls under *Heck* "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

As noted, Plaintiff specifically calls into question the validity of his 1993 conviction and traffic ticket # C1803326301. (doc. 19 at 2-3.) *Heck* therefore requires that he demonstrate that his allegedly invalid conviction and traffic ticket have been reversed, expunged, invalidated, or called into question. *Heck*, 512 U.S. at 486–87.  His answers to a magistrate judge's questionnaire expressly state that none of those requirements have been met. (*See* doc. 19 at 2-3.) Accordingly, he has failed to make the requisite showing.

As for his request for expungement of his record, under Texas law, a person is entitled to have both felony and misdemeanor records expunged if: 1) he is tried and acquitted; 2) he was convicted and subsequently pardoned or granted relief based on actual innocence; or 3) he has been released from confinement and the charge did not result in a final conviction, provided certain specific conditions are met.  *See* Tex. Code Crim. Proc. Ann. art. 55.01 (West 2011). Plaintiff has likewise not made this showing, so his request to have his record expunged should also be dismissed as *Heck*-barred. *See Lewis v. City of Waxahachie*, No. 3:10-CV-2578-N-BH, 2011 WL 7070991, at *2 (N.D. Tex. Dec. 21, 2011) (finding that requests for expungement were *Heck*-barred), *adopted by*, 2012 WL 176681 (N.D. Tex. Jan. 20, 2012).[3]

---

[3] Even if Plaintiff's request for expungement were not barred by *Heck*, expungement is not the type of relief available under § 1983 because the right to expunge state records is not a federal constitutional right. *Rodgers v. State of Texas*, No. 3:03-CV-2015-N, 2004 WL 764946, at *2 (N.D. Tex. April 7, 2004) (citing *Eutzy v. Tesar*, 880 F.2d 1010, 1011 (8th Cir. 1989)).  Moreover, lower federal courts may not order the expungement of state convictions or public records absent some "special circumstance".  *See Cavett v. Ellis*, 578 F.2d 567, 568 (5th Cir. 1978), *Rogers v. Slaughter*, 469 F.2d 1084, 1085 (5th Cir. 1972).  Plaintiff has alleged no special circumstance that would warrant expungement of his state records, so he has failed to state a claim on this ground.

### B.    Remaining Claims

Plaintiff also asserts that he was injured on a local DART bus. (doc. 19 at 4.) He does not allege any facts to show that Defendant was involved in any of the acts of which he complains, and he does not identify any claims based on his alleged injuries. (*See id*.) Additionally, after filing his answers to a magistrate judge's questionnaire, Plaintiff filed numerous complaints or notices concerning his social security benefits, his apartment, his case manager, his AT&T account, his birth certificate, identity theft, comments by a DART officer, a DART pass, his attempts to enroll in a local community college, his mother's inheritance, bed bugs in his apartment, medical treatment, and denial of services at Parkland Hospital. (*See* docs. 20, 22-26, 28-40.) Those additional filings similarly fail to allege any action by Defendant or specify any causes of action. (*See id*.) To the extent he is attempting to assert any claims against Defendant based on his alleged DART bus injury or any of the other allegations contained in his numerous filings, he has failed to state a claim.

### IV.  RECOMMENDATION

The plaintiff's claims should be **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2) as legally frivolous or for failure to state a claim on which relief may be granted.

**SO RECOMMENDED on this 21st day of September, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____<br>
IRMA CARRILLO RAMIREZ<br>
UNITED STATES MAGISTRATE JUDGE